UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. KELLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 23 C 15885 |
| UNITED STATES OF AMERICA, | ) |
| UNKNOWN BOP OFFICER A, | ) Judge Bucklo |
| UNKNOWN JOHN AND JANE DOE BOP | ) |
| OFFICERS, and LATASHA KEBE (also | ) |
| known as "TASHA K"), | ) |
| | ) |
| Defendants. | ) |

## ANSWER

Defendant the United States of America, by its attorney Morris Pasqual, Acting United States Attorney for the Northern District of Illinois, for its answer to plaintiff's complaint, states as follows:

### First Defense

Plaintiff's claim against the United States is barred by the FTCA's discretionary function exception. 28 U.S.C. § 2680(a).

### Second Defense

Answering the specific allegations of the complaint, defendant admits, denies, or otherwise avers as follows:

### Introduction

1. **Complaint:** Plaintiff sues the United States of America, Unknown BOP Officer, also known as Officer A, Unknown John and Jane Doe BOP Officers, and Latasha Kebe for negligence, invasion of privacy, conversion, civil conspiracy, intentional infliction of emotional distress, and willful and wanton conduct brought under the Federal Tort Claims Act ("FTCA"). Plaintiff also brings suit against Defendant BOP Officer A for violation of the Computer Fraud and Abuse Act ("CFAA")[.]

**Response:** Admit that the complaint purports to bring those allegations.

2. **Complaint:** Plaintiff is a high profile prisoner of the Bureau of Prisons ("BOP"). He is a Grammy-award winning recording artist and a nationally recognized celebrity. As with all prisoners, but particularly because of Plaintiff's status, the United States of America through the BOP had a duty to protect Plaintiff and his private and sensitive information to ensure that its employees did not exploit Plaintiff for financial gain or for any other reason.

**Response:** Admit the first two sentences. As to the third sentence, admit only that BOP has a statutory duty to protect the privacy rights of prisoners.

3. **Complaint:** The Defendant United States of America breached its duty of care to the Plaintiff when it allowed countless BOP officers to access Plaintiff's confidential information without any legal basis to do so. The Defendant Unite[d] States of America knew that Defendant BOP Officer A and other Defendant John and Jane Doe BOP Officers routinely accessed Plaintiff's private information from its systems and divulged private information to third parties for monetary gain, clout, or simply harassment.

**Response:** Deny.

4. **Complaint:** Because of the United States of America's breach, at least 60 BOP officers made unauthorized access to Plaintiff's sensitive, confidential, and private information maintained by the BOP on its electronic system known as TruView. Some of those BOP officers either shared and/or sold that information to third parties including members of the media and witnesses in Plaintiff's criminal prosecution.

**Response:** Deny.

5. **Complaint:** Defendant Unknown BOP Officer A accessed Plaintiff's private BOP records ("TruView records"), including email communications, visiting lists, inmate trust account information, and recorded phone calls with third parties and Plaintiff's attorneys without authority to do so. The information was private and concerned personal matters; it was *not* public information. After unlawfully accessing the foregoing protected information, Defendant BOP Officer A unlawfully downloaded the information and sold said information to Defendant Kebe, a popular YouTube blogger with over 1 million subscribers, who published the private information publicly without identifying how she received it.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

6. **Complaint:** Defendant Kebe rallied her massive following to harass the Plaintiff with the use of stolen information and created chaos in Plaintiff's personal life, even using the information to influence witnesses in Plaintiff's EDNY criminal prosecution. On information and

belief, the stolen information was shared with and used by prosecutors from United States Attorney's Officer [*sic*] as a tool to influence witnesses against Plaintiff. The sale of the information yielded profits that neither Defendant BOP Officer A nor Defendant Kebe were entitled to and which belonged to the Plaintiff if anyone.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

7. **Complaint:** The Department of Justice Office of the Inspector General investigation initiated a secret investigation into the unauthorized access of Plaintiff's sensitive information. The Department did not inform Plaintiff of the investigation and never has. Plaintiff later learned that the investigation resulted in the issuance of a search warrant for a BOP computer used by Defendant BOP Officer A and forensic analysis of the computer.

**Response:** As to the first sentence, admit only that there was an IG investigation into the unauthorized access of plaintiff's sensitive information. Deny the second sentence. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence; accordingly, they are denied.

8. **Complaint:** According to an affidavit of Special Agent Matt Loux of the Department of Justice later obtained by Plaintiff's attorney, probable cause existed to believe that Defendant BOP Officer A committed a criminal violation of 18 U.S.C. § 1030(a)(2)(B), that is, unauthorized access of a computer to obtain information from the Federal Bureau of Prisons. No charges were brought against Defendant BOP Officer A, and the government has refused to reveal any details about the investigation including the identity of Officer A. In short, there has been a cover-up of the rampant BOP misconduct that is ongoing.

**Response:** Admit that no charges were ever brought against BOP Officer A. Deny the remainder of this paragraph.

9. **Complaint:** Even after this so-called investigation, unlawful access of Plaintiff's TruView records continued. Even *after* being put on notice of repeated violations of the CFAA by BOP employees, the United States failed to protect Plaintiff and breached its duty to protect his private and sensitive information.

**Response:** Deny.

10. **Complaint:** For example, Defendant Unknown John or Jane Doe BOP Officer made an unauthorized access to Plaintiff's TruView records and obtained information about Plaintiff's trust account funds in August of 2022. That Unknown Defendant BOP Officer divulged the information to a journalist for the Washington Post who published the personal information.

The publication not only placed Plaintiff in a false light, falsely suggesting he was concealing his resources (the monies were actually generous gifts from his loyal fan base) but resulted in the DOJ confiscating nearly all of Plaintiff's monies held in his prison trust account, over $25,000. Plaintiff was forced to pay for legal services to litigate the unjustified taking of the money (an issue that is now pending before the Second Circuit Court of Appeals)[.] Plaintiff maintains that DOJ had no authority to confiscate those funds which would not have occurred in any event if the information was not leaked to the public by a Defendant Unknown John or Jane Doe BOP Officer.

>**Response:** Deny.

11. **Complaint:** Defendant BOP Officers committed the torts of invasion of privacy, conversion, civil conspiracy, intentional infliction of emotional distress, and willful and wanton misconduct. The Defendant BOP Officers, including Defendant BOP Officer A, also committed violations of the Computer Fraud and Abuse Act ("CFAA")[.]

>**Response:** Deny.

12. **Complaint:** Plaintiff suffered a multitude of loss and damages as a result of the Defendant United States of America's negligence and the torts committed by Defendant BOP Officer A, and other unknown John and Jane Doe BOP officers, including but not limited to legal fees and emotional and psychological distress.

>**Response:** Deny.

13. **Complaint:** Separately, losses in excess of $5000 accrued as a result of the CFAA violation committed by Defendant BOP Officer A. The misconduct resulted in an internal investigation by the BOP, an investigation by the DOJ-OIG, and both the seizure and examination of a BOP computer hard drive.

>**Response:** Admit that there was an investigation into the alleged misconduct of BOP Officer A, which included a search of a BOP computer. Deny that BOP Officer A violated the CFAA in furtherance of her official duties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

### Jurisdiction and Venue

14. **Complaint:** This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendants acting under color of federal law.

>**Response:** Deny that this court has jurisdiction under 28 U.S.C. § 1331.

15. **Complaint:** This Court further has subject matter jurisdiction pursuant to 18 U.S.C. §1030(g) which permits an individual who suffers damage by reason of a violation of the CFAA to bring a private cause of action. The action is timely filed where it is brought within two years of the discovery of the damage.

**Response:** Deny that 18 U.S.C. §1030(g) waives the United States' sovereign immunity for the stated claims.

16. **Complaint:** This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) where Plaintiff sues the Defendant United States of America, for money damages, for injury caused by the negligent and wrongful acts and employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, [a]s a private person, would be liable to the Plaintiff..

**Response:** Deny that the court has jurisdiction over tort claims against the United States in this case.

17. **Complaint:** Jurisdiction founded upon federal law is proper in that this action is premised on federal causes of action under the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. § 2671.

**Response:** Deny that the court has jurisdiction.

18. **Complaint:** Pursuant to the FTCA, Plaintiff filed a notice of claim on November 14, 2022 and served his claim to the appropriate federal agency for administrative settlement under the FTCA requesting $1,000,000 or more.

**Response:** Admit.

19. **Complaint:** By letter dated June 15, 2023, Plaintiff's claim was denied in writing by the North Central Regional Office of the Federal Bureau of Prisons and such denial was sent by certified mail to the Plaintiff's counsel (Claim #TRT-NCR-2023-02361).

**Response:** Admit.

20. **Complaint:** This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to appropriate federal agency within two years of accrual and this action was filed within six months of the receipt of the certified letter sent by the federal agency denying the claim.

**Response:** Admit.

21. **Complaint:** This Court also enjoys supplemental jurisdiction, if necessary, under 28 U.S.C. § 1367 in connection with the claims against Defendant Kebe, who if not acting as a

contractor for the federal government, is liable for claims that are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy.

**Response:** Defendant takes no position on whether the court has supplemental jurisdiction over the claims against defendant Kebe.

22. **Complaint:** Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendants do business in this judicial district and a substantial part of the events giving rise to the claim occurred in this judicial district.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied. The cited statute does not apply to FTCA claims, which are governed by 28 U.S.C. § 1402(b). Admit that venue is proper for acts or omissions that occurred in this district.

**Parties**

23. **Complaint:** Plaintiff, Robert S. Kelly, is a 56-year-old Chicago native. He is indisputably the King of R & B. He is currently an inmate incarcerated in the Butner Federal Correctional Center in Butner, North Carolina. At times relevant to this Complaint, Plaintiff was an inmate at the Metropolitan Correctional Center in Chicago, Illinois.

**Response:** Admit that plaintiff is 56 years old and a well-known R & B musical artist. Admit the third sentence. Admit that plaintiff was incarcerated at MCC Chicago from July 11, 2019 to August 1, 2019; August 7, 2019 to June 22, 2021; July 12, 2022 to April 19, 2023. (He was incarcerated at MDC Brooklyn from August 1 to 7, 2019, and June 22, 2021 to July 12, 2022.) Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

24. **Complaint:** Defendant, United States of America, is subject to suit for injury caused by the negligent and wrongful acts and omission of employees of the Government while acting within the course and scope of their office and employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

**Response:** Admit subject to any and all limitations and requirements of the FTCA.

25. **Complaint:** At all times material to this action, Unknown BOP Officer, known as Officer A, was a Federal BOP Disciplinary Hearing Officer and law enforcement official employed by the BOP with access to the BOP's TruView system. Although Plaintiff does not know the true identity of Officer A, the BOP does. She is the officer identified in the search warrant application and the affidavit of Agent Matt Loux that was provided to Plaintiff by the US Attorney's Office in June 2022 during Plaintiff's prosecution in the Northern District of Illinois.

**Response:** Admit.

26. **Complaint:** At all times material to this action, Unknown John and Jane Doe BOP Officers, were BOP officers assigned to the Chicago MCC (and perhaps other BOP institutions) with access to the BOP's TruView system. Although Plaintiff does not know the identities of the 60 different BOP officers who made unauthorized access to his confidential information, the BOP does. Plaintiff sues each and every BOP officer who accessed his confidential information without authority and whose identities are available from the BOP.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

27. **Complaint:** At all times material to this action, LaTasha Kebe, is a resident of Lawrenceville, Georgia. Kebe is a popular YouTube host with a YouTube channel called "UnWinewithTashaK." She broadcasts content to 1.3 million subscribers across the country, including in Chicago, Illinois.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

**Facts**

28. **Complaint:** Plaintiff was arrested in the United States District Court, Northern District of Illinois ("NDIL") on July 11, 2019 in connection with a 13-count indictment in *United States v. Kelly*, 19 CR 567. Shortly thereafter, Plaintiff was separately indicted in the United States District Court for the Eastern District of New York ("EDNY") in connection with RICO charges brought under case number 19 CR 286.

**Response:** Admit.

29. **Complaint:** After his arrest, Plaintiff was detained in the Metropolitan Correctional Center in Chicago ("MCC") for nearly two years until he was transferred to the Metropolitan Detention Center in Brooklyn ("MDC") to face trial in the EDNY case in and around June 21, 2021. During this period of time, Plaintiff was a pretrial detainee.

7

**Response:** Admit that plaintiff was a pretrial detainee during this time. Deny that he remained at MCC Chicago from July 11, 2019 to 2021; as explained above in response to paragraph 23, he was incarcerated at MCC Chicago from July 11, 2019 to August 1, 2019; August 7, 2019 to June 22, 2021; July 12, 2022 to April 19, 2023. (He was incarcerated at MDC Brooklyn from August 1 to 7, 2019, and June 22, 2021 to July 12, 2022.)

30. **Complaint:** While detained in the MCC, in and around January 2020, Plaintiff's longtime girlfriend ("Jane Doe") began behaving in a hostile and accusatory fashion toward the Plaintiff without explanation. Jane Doe was furious with Plaintiff and unexpectedly began causing stress and conflict in the relationship. These arguments related to money issues, romantic issues, and other highly personal issues. Plaintiff later learned that in and around that time, Jane Doe abruptly began cooperating with the government which led to her becoming the government's star witness against him in the EDNY prosecution.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

31. **Complaint:** In and around that time, Defendant Kebe, a popular YouTube blogger began publishing information to her 1.1 million subscribers and other viewers private information about the Plaintiff to which she should not have had access. Defendant Kebe did not reveal how she received said confidential information.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

32. **Complaint:** Just by way of example, on November 7, 2029, Defendant Kebe posted a video on YouTube titled "R.Kelly Can't Control his Girlfriends while Behind Bars." Kebe told her viewers that the information came from a "phone tap somewhere." Kebe disclosed information that appeared to come from Plaintiff's prison calls with Jane Doe and his girlfriend JS. Kebe appeared to disclose private and personal information about Plaintiff's romantic relationships.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

33. **Complaint:** Defendant Kebe proceeded to divulge to her YouTube viewers the contents of Plaintiff's prison phone calls with his girlfriend and others, email communications about his private life and legal issues with numerous people, visitor logs, and trust account

information on numerous other occasions, again without disclosing from where she received the information or how she received the information.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

34. **Complaint:** Plaintiff was incarcerated and had no ability to watch Kebe's YouTube channel or learn the specific information that was being said by Defendant Kebe.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

35. **Complaint:** At one point, Plaintiff visited with Jane Doe and was shocked and confused when Jane Doe accused him of making certain statements concerning his personal life that were only shared with Plaintiff's lawyer at the time. Jane Doe refused to divulge how she received the information but claimed that she was privy to Plaintiff's conversations with his attorney(s).

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

36. **Complaint:** Plaintiff had no idea how certain private information was making its way into the public domain. In early 2020, the BOP went on a complete lockdown as a result of the pandemic for a year. Attorney visits were conducted entirely by phone call and eventually zoom visits and face to face visits did not resume until late 2022. It is unclear how many of Plaintiff's attorney client communications were shared with third parties by Defendant BOP Officer A or why those communications were being recorded at all.

**Response:** Admit that, in 2020, BOP institutions had severely restricted visitation and many limitations in place due to the Covid-19 pandemic, and that attorney visits were conducted by telephone and video until resuming in-person in late 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

37. **Complaint:** [*omitted from complaint*]

**Response:** [*no response required*]

38. **Complaint:** In June 2021, Plaintiff was transferred to the MDC in Brooklyn, New York to stand trial in his RICO prosecution. His federal RICO trial commenced on August 9, 2021. A jury returned a verdict against him on September 27, 2021.

**Response:** Admit.

39. **Complaint:** Plaintiff's current counsel filed an appearance in the EDNY case in October 2021 for the purpose of handling post-trial motions and the eventual appeal. Her role expanded after Plaintiff's original trial lawyers withdrew from the EDNY case by January 2022.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

40. **Complaint:** Undersigned counsel filed an appearance in the Northern District case on February 18, 2022 and with her legal team began preparing for Plaintiff's Northern District trial scheduled to commence in August.

**Response:** Admit that plaintiff's counsel filed an appearance in plaintiff's Northern District of Illinois case in February 2022. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

41. **Complaint:** After counsel's legal team received information about the unauthorized and illegal taking/selling of Plaintiff's private information, counsel sought discovery from the government.

**Response:** Admit.

42. **Complaint:** On June 14, 2022, attorneys for the government produced to Plaintiff's counsel an application and affidavit for a search warrant under the case caption *In the Matter of the Search of the HP desktop computer, bearing serial number* 2UA8480JG51506. The materials did not include Plaintiff's name or any BOP officer name. Neither Plaintiff nor his counsel had access to the anonymously filed search warrant application and affidavit until it was procured by the government on June 14, 2022. The government refused to provide any additional information despite Plaintiff's request.

**Response:** Admit the first and second sentences and that in the criminal case the government did not provide further information regarding the affidavit and application for a

search warrant for a BOP computer. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

43. **Complaint:** According to the materials produced in June 2022, Special Agent of the Department of Justice of the Inspector General Matt Loux ("Agent Loux") executed an affidavit in support of a search warrant for a computer located in the Northern District of Illinois related to a violation of 18 U.S.C. § 1030(a)(2)(B), that is, Unauthorized Access of a Computer by obtaining information from the Federal Bureau of Prisons.

**Response:** Admit.

44. **Complaint:** Agent Loux averred that the OIG received information from the BOP that Unknown BOP Officer A was suspected of accessing "sensitive law enforcement information maintained on the BOP's electronic systems and providing that sensitive information to an individual who then released the information on social media platforms."

**Response:** Admit.

45. **Complaint:** Specifically, the Warden of the MCC in Chicago reported an allegation of staff misconduct to the BOP office of Internal Affairs when MCC staff became aware that Unknown BOP officers, including Defendant BOP Officer A, had stolen Plaintiff's sensitive information from the BOP's electronic system, known as the TruView system, without authority to do so.

**Response:** Admit that on or around November 22, 2019, the warden at MCC Chicago reported an allegation of staff misconduct against an unknown individual when he became aware that a YouTube blogger (defendant Kebe) had revealed sensitive information relating to a recorded phone call made by plaintiff.

46. **Complaint:** The BOP's TruView system is an application that contains information on inmates, including inmate emails, inmate telephone calls, inmate visitation lists, and inmate funds. The TruView system contains information from various other applications and systems existing on BOP's network infrastructure. The information available on TruView includes information from BOP application TRUFONE, the inmate telephone system, which houses recording of inmate telephone calls.

**Response:** Admit.

47. **Complaint:** Agent Loux's investigation showed that Unknown BOP Officer A had not only made unauthorized access to Plaintiff's TruView records, but stole information from the records, downloaded information, and then divulged that information to YouTube blogger Defendant Kebe. Defendant Kebe then revealed that stolen and sensitive information to the

11

general public and to specific third parties including Jane Doe. On information and belief, Defendant Kebe and other unknown individuals bought the information from Defendant Unknown BOP Officer, Officer A.

**Response:** Admit that the investigation showed that Officer A had accessed plaintiff's TruView records and provided information to Kebe and that Kebe shared the information publicly. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

48. **Complaint:** The information constituted, *inter alia*, private conversations between Plaintiff and Jane Doe and his girlfriend JS. The communications related to personal and private relationship matters, financial issues, and even attorney client matters. Although Plaintiff did not know at the time how Jane Doe obtained the information, when Plaintiff had the opportunity to learn of the contents of Agent Loux's affidavit, he deduced that the information had been stolen by the Unknown Defendant BOP officer, sold to Defendant Kebe, and then exploited for profit when Defendant Kebe divulged it to the public and to other third parties, including Jane Doe.

**Response:** Admit that the information listed in this paragraph was accessed by Officer A. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

49. **Complaint:** Defendant Kebe recently admitted on one of her broadcasts that she did obtain the information from Defendant BOP Officer A and not only disseminated the information publicly but provided additional information to Jane Doe and others, including Jane Doe's family members for the purpose of interfering with Plaintiff's criminal prosecutions.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

50. **Complaint:** The release of this private information on the internet created a feeding frenzy about Plaintiff's personal life, his relationship with Jane Doe and JS, and resulted in the termination of certain important relationships that Plaintiff enjoyed with other individuals. The unauthorized release of the information led to a physical fight between Jane Doe and JS that made national news, the theft of thousands of dollars, and chaos and discord in Plaintiff's life.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

51. **Complaint:** Furthermore, because information about Plaintiff's visiting lists and trust fund balances became public news, Plaintiff was no longer able to enjoy certain important and supportive relationships with people. Defendant Kebe released the names of certain individuals who supported Plaintiff, publicly shamed those people calling them "enablers," and interfered with those relationships. Understandably, Plaintiff's associates did not wish to be harassed or have their employment put into jeopardy because of the illegal conduct of Defendants BOP Officer A and Kebe. Plaintiff suffered significant emotional distress as a result of the release of this information and further worried about what other *private* information was in the hands of third parties.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

52. **Complaint:** Both before and even after Plaintiff learned about Agent Loux's affidavit, Plaintiff spent sleepless nights distressed and confused how his private conversations had been leaked to the public and who was responsible for it.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

53. **Complaint:** Importantly, Plaintiff suffered emotional distress because he did not feel at liberty to freely speak with his attorneys. Plaintiff learned that his attorney client communications were not only recorded but information from those calls were released to Jane Doe and presumably others. Plaintiff did not, and still does not, know the extent to which his private information has been divulged publicly.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

54. **Complaint:** Agent Loux's investigation revealed that from the period of July 15, 2019 through January 8, 2020, 60 different BOP officers had accessed Plaintiff's TruView records, including Defendant Unknown BOP Officer A. Indeed, Defendant Unknown BOP Officer A engaged in unauthorized access to Plaintiff's TruView records a whopping 153 times. To this day, Plaintiff still does not know the extent of his damages, injuries and loss, as the Government has refused to disclose to the Plaintiff information about what the investigation revealed and the precise nature of the stolen information.

**Response:** Admit the first sentence. Admit that Officer A accessed plaintiff's TruView records 153 times. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence; accordingly, they are denied.

55. **Complaint:** Agent Loux's investigation showed that private and sensitive information from Plaintiff's TruView records became part of Defendant Kebe's content in her Instagram posts on January 12, 2020, in videos on November 7, 2019, November 8, 2019, and December 22, 2019. The information included private information about Plaintiff's literacy, his medical issues, private information about his romantic relationships. At no point did Defendant Kebe reveal the identity of the person who provided her with the information. Indeed, the identity of the individual who revealed the information to Defendant Kebe remains a mystery until today.

**Response:** Admit that defendant Kebe shared some of plaintiff's sensitive information. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

56. **Complaint:** Agent Loux's investigation further showed that Unknown BOP Officer, Officer A, stole Plaintiff's records from the TruView system, scanned those records, and then emailed that scan to third parties, including Defendant Kebe. The content of those materials were published on Defendant Kebe's YouTube channel.

**Response:** Admit that Agent Loux's investigation revealed that Officer A provided information from plaintiff's TruView records to defendant Kebe and that Kebe shared at least some of the information online. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

57. **Complaint:** Defendant Unknown BOP Officer A was not the only BOP officer who engaged in unauthorized access of Plaintiff's private records. Indeed, Agent Loux reported that at least 60 BOP officers had made unauthorized access to Plaintiff's confidential TruView records during a six month period. The BOP knows the precise identity of those officers as do the officers who engaged in this unauthorized conduct.

**Response:** Deny.

58. **Complaint:** Even after the BOP discover[ed] these rampant violations of the CFAA, they allowed the behavior to continue. The Plaintiff learned that in and around August 4, 2022, an Unknown BOP Officer made an unauthorized access to his TruView records and obtained information about Plaintiff's inmate funds. That Unknown BOP officer leaked information about the balance of funds in his trust account to a journalist for the Washington Post who published an article with the stolen information provided by the Defendant Unknown BOP Officer.

**Response:** Deny.

59. **Complaint:** Immediately after the journalist divulged the information, the funds in Plaintiff's trust account were confiscated by the United States Attorney's office. Plaintiff was

14

forced to hire counsel to litigate whether the US Attorney's office had the right to confiscate the funds where no restitution judgment had been entered against Plaintiff and he was not in arrears for paying any court-ordered fees or costs.

   **Response:** Deny.

  60. **Complaint:** Plaintiff promptly filed a notice of claim on November 14, 2022 and served his claim to the appropriate federal agency for administrative settlement under the FTCA requesting $1,000,000 or more.

   **Response:** Admit.

  61. **Complaint:** By letter dated June 15, 2023, Plaintiff's claim was denied in writing by the North Central Regional Office of the Federal Bureau of Prisons and such denial was sent by certified mail to the Plaintiff's counsel (Claim #TRT-NCR-2023-02361).

   **Response:** Admit.

### Causes of Action

### First Cause of Action: Negligence

### (Against the Defendant United States of America)

  63. **Complaint:** Plaintiff repeats and re-alleges all of the paragraphs in this Complaint as if fully set forth herein.

   **Response:** Defendant incorporates by reference its responses to paragraphs 1 through 62 as if set forth in full here.

  64. **Complaint:** The Federal Bureau of Prisons is a United States federal law enforcement agency within the U.S. Department of Justice that operates U.S. federal prisons and is responsible for the care, custody and control of federal prisoners.

   **Response:** Admit.

  65. **Complaint:** Defendant United States of America owed a duty of care to the Plaintiff who was incarcerated in the BOP. The Defendant stood in such a relationship with Plaintiff that the law imposed on Defendant an obligation of reasonable conduct for the benefit of the Plaintiff, including protecting his confidential and sensitive information, including attorney-client communications, and to protect him from exploitation from its employees that could result in harassment and prejudice to his pending criminal cases.

**Response:** Admit that under the FTCA, the United States owed a duty of care to plaintiff that a private person owes under the law of the state where the act of omission occurred.

66. **Complaint:** Specifically, and consistent with its own policies and regulations, Defendant United States had a duty to ensure that Plaintiff's confidential and sensitive information was accessible to only those BOP officials with a legitimate basis to review it. The BOP had a duty to protect the sensitive information from disclosure and theft and to protect both Plaintiff [*sic*] from exploitation by BOP personnel.

**Response:** . Deny.

67. **Complaint:** As set out in detail above, the Defendant United States of America breached that duty when it permitted countless BOP officers, including Unknown BOP Officer, Officer A, unlimited access to the information, the ability to download it, and the ability to sell and/or divulge it which Unknown BOP[] Officer A did when she provided private information to Defendant Kebe. The breach further caused the publication of confidential information obtained from Plaintiff's trust account which was stolen and shared with other media sources. Evan after the BOP became aware that its employees were repeatedly accessing Plaintiff's private and sensitive information without legal authority, it took no steps to prevent the misconduct.

**Response:** Deny.

68. **Complaint:** The breach was a direct and proximate cause of Plaintiff's injuries, namely the release and dissemination of his private and confidential information to third parties and the public at large. The public dissemination of private communications, including attorney client communications, interfered with Plaintiff's relationships led to harassment from the public and caused serious prejudice to Plaintiff's defense. The Defendant United States knew or should have known that by allowing unfettered access to Plaintiff's private information, BOP officers would access, steal, and exploit that information for financial gain or for clout.

**Response:** Deny the first and third sentences. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; accordingly, they are denied.

69. **Complaint:** Plaintiff suffered emotional and psychological distress from this breach where his sensitive information was used to harass him, interfere with his personal relationships, and was used to interfere with the defense of his pending cases. Plaintiff also suffered monetary damages, including but not limited to legal fees.

**Response:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph; accordingly, they are denied.

**Second Cause of Action: Invasion of Privacy**

**(Against Unknown Defendant BOP Officer, also known as Officer A, and other John and Jane Doe BOP Officers whose identities have been concealed by the DOJ and BOP, and Defendant Kebe)**

70-76.  **Complaint:**  [*omitted from this answer*]

  **Response:**  The allegations in paragraphs 70-76 of the complaint are directed at other defendants and require no response from the United States.

**Third Cause of Action: Invasion of Privacy**

**(Against Unknown Defendant BOP Officer, also known as Officer A, and other John and Jane Doe BOP Officers whose identities have been concealed by the DOJ and BOP, and Defendant Kebe)**

77-80.  **Complaint:**  [*omitted from this answer*]

  **Response:**  The allegations in paragraphs 77-80 of the complaint are directed at other defendants and require no response from the United States.

**Fourth Cause of Action: Civil Conspiracy**

**(Against Unknown Defendant BOP Officer, also known as Officer A, and other John and Jane Doe BOP Officers whose identities have been concealed by the DOJ and BOP, and Defendant Kebe)**

81-86.  **Complaint:**  [*omitted from this answer*]

  **Response:**  The allegations in paragraphs 81-86 of the complaint are directed at other defendants and require no response from the United States.

**Fifth Cause of Action: Intentional Infliction of Emotional Distress**

**(Against Unknown Defendant BOP Officer, also known as Officer A, and other John and Jane Doe BOP Officers whose identities have been concealed by the DOJ and BOP, and Defendant Kebe)**

87-91.  **Complaint:**  [*omitted from this answer*]

**Response:** The allegations in paragraphs 87-91 of the complaint are directed at other defendants and require no response from the United States.

### Sixth Cause of Action: Intentional Infliction of Emotional Distress

**(Against Unknown Defendant BOP Officer, also known as Officer A, and other John and Jane Doe BOP Officers whose identities have been concealed by the DOJ and BOP, and Defendant Kebe)**

92-95. **Complaint:** [*omitted from this answer*]

**Response:** The allegations in paragraphs 92-95 of the complaint are directed at other defendants and require no response from the United States.

### Seventh Cause of Action: Violation of the Computer Fraud and Abuse Act

**(Against Unknown Defendant BOP Officer A)**

96-102. **Complaint:** [*omitted from this answer*]

**Response:** The allegations in paragraphs 96-102 of the complaint are directed at a different defendant and require no response from the United States.

WHEREFORE, the United States requests that this case be dismissed with costs and that the court award such other relief as may be appropriate.

Respectfully submitted,

MORRIS PASQUAL
Acting United States Attorney

By: s/ Alex Hartzler
ALEX HARTZLER
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-1390
alex.hartzler@usdoj.gov