**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Robert Sylvester Kelly, | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:23-cv-15885 |
| v. | ) | |
| | ) | Honorable Elaine E. Bucklo |
| United States of America, | ) | |
| Latasha Kebe, and Tawana F. Ingram, | ) | |
| Defendants. | ) | |

## MOTION TO VACATE JUDGMENT

COMES NOW Plaintiff, Robert Kelly, by and through counsel, Beau B. Brindley, and hereby moves this Honorable Court to vacate its order dismissing the case for failure to prosecute. In support of his motion, Mr. Kelly provides as follows:

On July 10, 2025, this Honorable Court entered a minute order (Dkt. 55) and judgment (Dkt. 56) dismissing the above-captioned case for failure to prosecute. The minute order indicated that it was the failure to file a status report that was underlying the dismissal. Dkt 55 ("Again plaintiff failed to file a status report required by minute entry no. [54]. This case is dismissed for Plaintiff's failure to prosecute.").

The status report was due on July 3, 2025. Counsel for Plaintiff intended to meet the deadline, however, the undersigned experienced health complications that rendered him unable to timely file the status report. On June 26, 2025, after experiencing extreme leg pain, the undersigned went to the emergency room and was diagnosed with a large blood clot in his leg. In conjunction with other treatments, the undersigned was prescribed opiate pain medications to treat the pain from the blood clot, and the medications rendered the undersigned unable to work for the week following the discovery of the blood clot. Co-counsel, Edward McDavid, was out of the

country for the two weeks preceding July 3, 2025, and was not aware of the undersigned's inability to file the status report until the deadline had already passed.

The undersigned understands that this was not the first deadline missed. The undersigned had not expected to be lead counsel on this case, as Jennifer Bonjean had been in that role until her abrupt and unexpected withdrawal in April 2025. Following Ms. Bonjean's departure from the case, the undersigned and his office had been reviewing discovery and trying to get caught up with the case, but did not realize that a status report was due in May.

At the same time, the undersigned was dealing with an imminent threat on Mr. Kelly's life at the hands of the Bureau of Prisons. The threat against Mr. Kelly is detailed in several filings in his criminal case in this district. *See United States v. Kelly*, NDIL Case No. 19 CR 567 at Dkt. 485, 487, 489, 491, 493, 495, 498. The circumstance was unprecedented, and the undersigned's office had to devote substantial time and resources to finding a path to secure Mr. Kelly's safety. Mr. Kelly's life is still in danger at the hands of the BOP, and litigation is ongoing. However, due to the exigent circumstances relating to the threat against Mr. Kelly, the undersigned, once again, missed the filing deadline in June.

The undersigned acknowledges the missed deadlines and apologizes to the Court for the delay. However, the undersigned submits that a lesser sanction would have been appropriate and effective. The undersigned therefore respectfully requests that this Honorable Court vacate the dismissal and allow the case to proceed.

Under Federal Rule of Criminal Procedure 60(b), the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; [or] (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The final deadline was missed in this case because the undersigned experienced a medical

emergency that rendered him unable to work. Co-counsel was unaware of the undersigned's inability to work until the deadline had passed, and had presumed that the undersigned would file the status report as required. Co-counsel discussed the need to file the status report with the undersigned before leaving the country, and had no reason to know the undersigned would be unable to do so. The undersigned submits that being unable to work due to a severe blood clot and treatment therefor constitutes excusable neglect. At the very least, it is a reason that justifies relief.

Moreover, the Seventh Circuit has cautioned that "[d]ismissal is a very severe sanction, which district courts should impose only in extreme circumstances." *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000) (unreported). Indeed, the Seventh Circuit "has repeatedly recognized the need to be cautious when imposing the draconian remedy of terminating the underlying action in favor of one party." *Diettrich v. Nw. Airlines, Inc.*, 168 F.3d 961, 964 (7th Cir. 1999). As such, "the general rule is that before dismissing a suit with prejudice as a sanction for misconduct a court should consider the adequacy of a less severe sanction . . . ." *Oliver v. Gramley*, 200 F.3d 465, 466 (7th Cir. 1999).

Moreover, the Seventh Circuit has suggested a number of factors for district courts to consider before dismissing a case for failure to prosecute:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011).

The undersigned acknowledges that multiple deadlines have been missed, but the responsibility for these mistakes lies Mr. Kelly's counsel, not Mr. Kelly himself. The effect on the Court's calendar is unclear from the minute order and judgment, and no prejudice to the defendants

has been identified. The suit is meritorious, and its dismissal would be a disservice to the social objectives that the litigation represents. It would allow for corrupt federal officials to steal a defendant's communications while in pretrial detention for the purpose of influencing the outcome of the defendant's trial.

When it comes to dismissal, the Seventh Circuit has endorsed "the proposition that the punishment must fit the crime." *Johnson v. Chicago Bd. of Educ.*, 718 F.3d 731, 733 (7th Cir. 2013) (per curium). Here, the missed deadlines were regrettable and unfortunate. The undersigned and co-counsel apologize to the Court for the filing failures, and assure the Court that no further failings will occur if the suit is permitted to proceed to the merits. However, in this case, dismissal is a punishment that does not fit the crime. Mr. Kelly therefore respectfully requests that this Honorable Court vacate the order and judgment dismissing the case and allow the case to proceed on the merits.

WHEREFORE Plaintiff respectfully requests that this Honorable Court vacate the order and judgment dismissing this case.

Respectfully submitted,

By: /s/ *Beau B. Brindley*
Attorney for the Plaintiff

LAW OFFICES OF BEAU B. BRINDLEY
53 W. Jackson Blvd.
Suite 1410
Chicago, Illinois 60604
(312) 765-8878 (Phone)