UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. KELLY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| UNITED STATES OF AMERICA, BOP OFFICER TAWANA F. INGRAM, UNKNOWN JOHN AND JANE DOE BOP OFFICERS, and LATASHA KEBE (also known as "TASHA K"), | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

No. 23 C 15885

Judge Bucklo

**UNITED STATES' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

Defendant the United States of America, by Andrew S. Boutros, United States Attorney for the Northern District of Illinois, moves to dismiss this lawsuit under Rule 41(b) for failure to prosecute and in support states as follows:

1. Plaintiff has failed to prosecute this lawsuit since October 2024, when the United States served discovery requests to which plaintiff has never responded.

2. More recently, in July 2025, the court dismissed the case after plaintiff repeatedly failed to comply with its directives to file status reports. Dkt. 55.

3. Plaintiff moved to vacate the dismissal (Dkt. 57), pleading that illness had prevented counsel from complying with the court's most recent status report deadline. The court granted the motion, vacated the dismissal, and set a fact discovery deadline of December 31, 2025. Dkt. 60.

4. With a fact discovery deadline in place, the undersigned AUSA emailed plaintiff's counsel within minutes of the entry of the court's July 18 reinstatement order, asking for a date by

which plaintiff would respond to the United States' discovery requests (which, recall, were served in October 2024).

5. Plaintiff's counsel did not respond.

6. The undersigned AUSA emailed again two weeks later, on August 1, asking again for a date by which plaintiff would respond to the discovery requests.

7. This time, plaintiff's counsel responded by proposing a phone call the following week.

8. The undersigned AUSA responded that he would be on leave through August 15 and proposed a call for August 18 or 19.

9. Plaintiff's counsel did not respond.

10. On August 18, after returning from leave, the undersigned AUSA followed up on the request for a phone meeting.

11. One week later, plaintiff's counsel has still not responded.

12. The non-responses follow a pattern that began nearly as soon as plaintiff's current counsel began representing him in this case. The undersigned AUSA initially emailed plaintiff's then-newly retained counsel on May 13 and proposed an introductory call, but plaintiff's counsel never responded. The undersigned AUSA followed up on May 29, but plaintiff's counsel never responded to that email, either.

13. Attorneys should not have to beg and plead for responses to simple inquiries. Plaintiff and his counsel have exhibited their lack of interest in pressing this case since October 2024 by not responding to a single discovery request, not complying with the court's orders, and almost never responding to simple emails from counsel.

14. The court should accordingly dismiss this case for failure to prosecute. Fed. R. Civ. P 41(b) (court may dismiss case if plaintiff "fails to prosecute"); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) (court's authority to dismiss for plaintiff's failure to prosecute "cannot seriously be doubted").

15. Although the court "ordinarily" should not dismiss for failure to prosecute without first providing an "explicit warning," *Sharif v. Wellness Int'l Network*, 376 F.3d 720, 725 (7th Cir. 2004), plaintiff has already received such a warning here when the court first threatened to dismiss the case for failure to prosecute earlier this summer. Dkt. 54.

16. Dismissal is warranted here because there is seemingly nothing that will make plaintiff and his counsel prosecute this case. Even the near-dismissal in July has not changed the tenor: *eleven months* after the United States served its discovery requests, plaintiff has not responded to a single request or even represented when (or if) responses will come, despite repeated prodding from defense counsel. Such extreme dilatory conduct should not be rewarded, and dismissal would send an appropriate message to the plaintiff's bar that a case cannot simply be ignored until counsel feels like working on it. *Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir. 1984) ("Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior."). The court has enormous discretion in dismissing for failure to prosecute, and it should exercise that discretion here. *Locascio v. Teletype Co.*, 694 F.2d 497, 499 (7th Cir. 1982) (appellate court "will not disturb" dismissal for want of prosecution "unless it is clear that no reasonable person could concur in the trial court's assessment of the issue").

WHEREFORE, the court should dismiss this case for failure to prosecute.

        Respectfully submitted,

        ANDREW S. BOUTROS
        United States Attorney

        By: s/ Alex Hartzler
            ALEX HARTZLER
            Assistant United States Attorney
            219 South Dearborn Street
            Chicago, Illinois 60604
            (312) 886-1390
            alex.hartzler@usdoj.gov