```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


Robert S. Kelly,                  )
                                  )
        Plaintiff,                )
                                  )
                                  )
   v.                             )   No. 23 C 15885
                                  )
                                  )
United States of America, BOP     )
Officer Tawana F. Ingram,         )
Unknown John and Jane Doe BOP     )
Officers, and Latasha Kebe        )
(also known as "Tasha K"),        )
                                  )
        Defendants.               )
```

Order

Federal inmate Robert Kelly filed this suit on November 13, 2023, alleging that various Bureau of Prisons (BOP) officers accessed his private information from the BOP's systems and provided that information to third parties for monetary gain, clout, or harassment. Kelly further alleges that defendant Latasha Kebe, a "popular YouTube Blogger" obtained and published some of this private information and encouraged her large following to harass Kelly. Kelly claims that the Department of Justice investigated these alleged breaches but, despite finding probable cause of wrongdoing by BOP officers, subsequently failed to protect plaintiff from further breaches. The government now move to dismiss

for failure to prosecute under Federal Rule of Civil Procedure 41(b). The motion is granted.

"Under Rule 41(b), the Court may dismiss a plaintiff's case with prejudice '[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order.'" *Mallory v. Rush Univ. Med. Ctr.*, No. 18 C 4364, 2021 WL 458547, at *14 (N.D. Ill. Feb. 9, 2021) (quoting Fed. R. Civ. P. 41(b) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 2009)). While "[t]here is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution," *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (citation omitted), a plaintiff typically should be given a warning that this sanction might be imposed, *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004). Factors relevant to whether a motion to dismiss for lack of prosecution should be granted include:

> [T]he frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*McMahan*, 892 F.3d at 931-32 (quoting *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003)). The analysis considers the totality of the circumstances, rather than

2

a mechanical application of these factors. *See id.* at 932 ("Ultimately, the decision to dismiss 'depends on all the circumstances of the case.'" (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011))).

Kelly's failure to comply with deadlines in this case is glaring. He failed to file a status report on May 6, 2025 and June 6, 2025, as ordered. On June 12, 2025, I set a July 3, 2025 deadline for Kelly to file a status report and gave an express warning that failure to do so may result in dismissal of the case for failure to prosecute. On July 10, 2025, once Kelly had blown past the deadline for a third time, I dismissed the case for failure to prosecute and entered judgment in defendants' favor.

Kelly's counsel, Beau Brindley, filed a motion to vacate judgment the following day, explaining that he had missed the third status report deadline because of health complications around that time, and that the earlier deadlines were missed because Brindley was busy reviewing discovery and "dealing with an imminent threat on Mr. Kelly's life at the hands of the [BOP]." Mot. to Vacate, ECF 57 at 2 (citing filings in *United States v. Kelly*, No. 19 CR 567 (N.D. Ill.)). The motion also explained that Kelly's other attorney, Edward McDavid, was unaware of Brindley's health complications and was out of the country, which is why he also failed to file the July status report. I granted the motion to

3

vacate on July 18, 2025, ordering that all discovery in the case be completed by December 31, 2025.

Despite having had his case dismissed for lack of prosecution once, Kelly's dilatory conduct persisted. As the government explains in the present motion, it emailed Kelly's counsel on July 18--the day I granted his motion to reinstate the case--to inquire when it could expect a response to its October 2024 discovery requests.[1] It received no response. The government followed up by email on August 1, again asking when it could expect a response to its discovery requests. In response, plaintiff's counsel proposed a phone call for the following week. The government advised that it would be unavailable through August 15 and proposed a call for August 18 or 19, but Kelly's counsel did not respond to that counterproposal. On August 18, the government followed up on the request for a phone call. By the time the government filed its motion to dismiss on August 25, Kelly's counsel had not responded to that communication.

In his two-page response to the government's motion--itself filed two days after the deadline provided--Kelly does not contest this account of his conduct. Instead, he explains that his health complications have continued. That cannot be an evergreen excuse

---

[1] The government had earlier raised Kelly's failure to respond to these discovery requests in its June 6, 2025 status report, and again in its brief in opposition to vacating dismissal of the case for failure to prosecute.

4

for late filings, evasiveness to the government's attempts to contact him, and failure to respond to discovery requests.[2] Moreover, Kelly's response brief fails to explain why his other attorney, McDavid, has not responded to the government's queries and discovery requests while Brindley is allegedly unable to.

This evinces a pattern of conduct strong enough to justify dismissal for lack of prosecution. The other factors relevant to the analysis do not alter that result. The government has shown that it has spent time trying to obtain discovery in this case and to communicate with opposing counsel to that end; that fruitless expenditure of time and effort constitutes prejudice. Moreover, this court's management of the case has come to include chasing down status reports, and despite already imposing the sanction of dismissal for failure to prosecute, Kelly's conduct suggests that improvement is doubtful. That makes it likely that the case will continue to be bogged down by additional delays, further taxing the caseloads of both the government and this court.

---

[2] In his response brief, Kelly insists that he will "provide whatever discovery is necessary in time to meet the discovery deadlines set by this Court." Resp., ECF 64 at 1. But as the government points out--albeit with citation to the wrong rule--absent an extension, he was obligated to respond to those requests within 30 days of receiving them. Fed. R. Civ. P. 33(b)(2) (answers and objections to interrogatories must be served within 30 days absent extension); Fed. R. Civ. P. 34(b)(2)(A) (same for document requests). Given the delays experienced so far, Kelly's promise to respond to the discovery requests "in time," especially when he has already long missed the deadlines set by the Federal Rules, does not inspire confidence.

While neither party's briefing discusses apportionment of fault for the multiple delays and missed deadlines between Kelly and his counsel--clearly at least some of that fault lies with the latter--I note that the problem with responding to the government's October 2024 discovery requests predates current counsel's appearance on the case by several months,[3] though it has certainly not been ameliorated since then. The parties also do not discuss the likely merits of Kelly's suit. In any event, even if these factors weigh in Kelly's favor, they do not offset those weighing against him.

Accordingly, the government's motion to dismiss for failure to prosecute is granted.

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: October 24, 2025

---

[3] Kelly's current counsel appeared in the case in January and February 2025.